IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: COOK MEDICAL, INC. PELVIC REPAIR                MDL No. 2440
SYSTEMS PRODUCTS LIABILITY LITIGATION

                                                                       JOSEPH R. GOODWIN
                                                                       U.S. DISTRICT JUDGE

THIS DOCUMENT RELATES TO:

*Huntley v. Cook Incorporated, et al.*                             Civil Action No. 2:16-cv-3043

## MEMORANDUM OPINION AND ORDER

On August 22, 2018, the court conducted a Mandatory Status Hearing in plaintiff's case against defendants Cook Incorporated, Cook Biotech, Inc., and Cook Medical, Inc. (the "Cook defendants"). When the plaintiff did not appear in person at the hearing as required by Order entered on July 27, 2018, the court directed the plaintiff to show cause on or before September 22, 2018, why the case should not be dismissed with prejudice pursuant to Rule 16(f) of the Federal Rules of Civil Procedure [ECF No. 16]. Having failed to show cause, and for the reasons stated below, the court **DISMISSES** the Cook defendants **WITH PREJUDICE**.

I.     **Background**

On July 27, 2018, I entered Pretrial Order ("PTO") # 85 directing the parties to appear for a Mandatory Status Hearing on August 22, 2018. [ECF No. 15]. I stated in the PTO that counsel for plaintiff(s) and defendants must appear in person and be

prepared to explain why, despite representations that all cases in this MDL were resolved, the cases had not been dismissed. I warned that failure to attend this hearing will result in sanctions, up to and including dismissal of the case with prejudice.

Despite this warning, the plaintiff failed to comply with the above order by failing to appear in person at the Mandatory Status Hearing as directed. Nothing in the record suggests that the plaintiff believed in good faith that she was relieved from the obligation to appear.

Thereafter, by Order entered August 22, 2018, the court directed the plaintiff to show cause justifying the failure to comply with my previous PTO. In the same Order, I warned that the failure to show cause on or before September 22, 2018, would result in the dismissal of this case pursuant to Rule 16(f) of the Federal Rules of Civil Procedure with prejudice. Nonetheless, the plaintiff again did not comply with my Order.

## II.  Legal Standard

Rule 16(a)(5) of the Federal Rules of Civil Procedure permits the court to issue orders regarding pretrial conferences for the purpose of facilitating settlement. Fed. R. Civ. P. 16(a)(5). Rule 16(f) provides a court may issue any just order, including those authorized by Rule 37(b)(2)(A)(ii)–(vii) if a party fails to appear at a pretrial conference or fails to obey a scheduling or other pretrial order. *Id.* 16(a)(5), (f). Rule 37(b)(2), in turn, sets forth a list of sanctions available when a party fails to comply with a court order, including "dismissing the action or proceeding in whole or in part."

2

*Id.* 37(b)(2)(A)(v). Before levying dismissal or default as a sanction under Rule 37, a court generally must first consider four factors:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagon of America, Inc.*, 561 F.2d 494, 503–04 (4th Cir. 1977), *cert. denied*, 434 U.S. 102 (1978)).

In applying these factors to this case, I must be cognizant of the realities of multidistrict litigation and the unique problems an MDL judge faces. Specifically, when handling six MDLs, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and settlement conferences and strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel

3

must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1231–32. Pretrial orders—and the parties' compliance with those orders and their deadlines—"are the engine that drives disposition on the merits." *Id.* at 1232. A "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administer the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

III. Discussion

PTO # 85 required the plaintiff to attend the Mandatory Status Hearing and explicitly stated: "[f]ailure to attend this hearing will result in sanctions, up to and including dismissal of plaintiff's case with prejudice." Likewise, the order entered on August 22, 2018, warned that the failure to show cause on or before September 22, 2018, would result in the dismissal of this case pursuant to Rule 16(f) of the Federal Rules of Civil Procedure with prejudice.

Applying the *Wilson* factors to these facts and bearing in mind the unique context of multidistrict litigation, I conclude that sanctions under Rule 37 are justified.

The first factor—bad faith—is difficult to ascertain given that the plaintiff was not present in court and did not respond to the show cause order entered on August

4

22, 2018. This court spent resources attempting to notify the plaintiff of the Mandatory Status Hearing and provided a recourse to the imposition of sanctions upon a showing of good cause. Having failed to comply with my orders, I must weigh the first factor against the plaintiff.

The second factor—prejudice caused by noncompliance—also leans toward an order for sanctions. The plaintiff had nearly a month's notice of the Mandatory Status Hearing, yet failed to appear or communicate any inability to attend the Mandatory Status Conference. The Cook defendants, having no indication that the plaintiff would fail to attend, likely spent time preparing for the Mandatory Status Conference. Moreover, the Cook defendants expended substantial resources for their counsel to travel to and attend the Mandatory Status Hearing.

The adverse effect on the management of the MDL as a whole segues to the third factor: the need to deter this sort of noncompliance. When parties fail to comply with deadlines provided in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. In short, I have had to direct my time and resources to noncompliant plaintiffs at the expense of compliant plaintiffs in this MDL. This cumbersome pattern goes against the purpose of MDL procedures, and I must deter any behavior that would allow it to continue. *See* H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases).

Last, *Wilson*'s fourth factor directs the court to consider the effectiveness of lesser sanctions. In recognition of this duty, the court gave the plaintiff one final

5

chance to justify the failure to comply with the directives of this court by responding to the show cause order. Having failed to do so – or even respond – the plaintiff has now blatantly disregarded two consecutive orders, each warning that a failure to comply may result in the dismissal of this case. In light of the evidence, I find that dismissal is now appropriate, as there is no reason to believe that a lesser sanction would be effective. In sum, the court is left with little alternative.

## IV. Conclusion

For the reasons stated above, it is **ORDERED** that the Cook defendants are DISMISSED with prejudice from this action pursuant to Rule 16(f) of the Federal Rules of Civil Procedure for plaintiff's failure to attend the Mandatory Status Hearing as directed in PTO # 85, and for failure to respond to my show cause order as directed. It is further **ORDERED** that this action is **TRANSFERRED** to MDL 2326, and the Clerk is directed to disassociate this civil action as a member case in MDL 2440 and re-associate it with MDL 2326.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 28, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE